

# THE ATTORNEY GENERAL

## OF TEXAS

### AUSTIN 11, TEXAS

**WILL WILSON**
**ATTORNEY GENERAL**

March 29, 1961

Mr. A. W. Davis
District Attorney
50th Judicial District
Paducah, Texas

Opinion No. WW-1030

Re: Whether the "Goodwill Award
Promotion" under the facts
stated constitutes a lottery
violative of Section 47, Article
III, Constitution of Texas and
Article 654, Vernon's Penal Code.

Dear Mr. Davis:

The following opinion is rendered pursuant to your request and is based upon material submitted setting forth the procedure for operation of "Goodwill Award Promotion" which procedure we quote:

"**Registration** - A week to ten days before the date of the first drawing a representative of Goodwill Advertising Co. is placed in the store to register everyone who comes in to it.

"(a)  A desk or table is set up inside the store but outside the sales area.

"(b)  The representative asks the store visitor if he or she wishes to register - and if so, permits them to do so and explains that there is to be a drawing every week and that X amount of dollars will be given away on those nights - the day and time stated to the registrant. Registrant is also told that the drawing is free and that it is not necessary to buy anything to be eligible.

"(c)  Upon registering on a master registration sheet, the registrant is given a qualification card and advised again - "These drawings are every week, starting on _____ day at _____ P.M. The drawing will be held outside, in front of the store, announced over a public address system, both inside and outside the store. If your name is called, you shall be declared the winner, if your card has been punched and you present it within the allotted time.
(The time allowed is printed on the card, as well as the time of day, dates, rules of the promotion and full instructions governing the game.)

"(d) The qualification card is punched for the first drawing but the registrant is instructed that they must get it punched for subsequent weeks in order to be eligible for the drawing. A cashier or a girl at the Courtesy Booth will punch and qualify the cards.

"(e) One registration is good for all drawings, so long as the promotion continues.

"Transcribing to Control Cards - This plan has a unique way of control by transcribing names from the master registration sheet to alphabetical and numerical control cards which operate in such a way that one who might register more than once will not have but one number in the drum -- thusly every registrant has an equal chance on drawing night, which stems from a numbered tab attached to the alphabetical card, taken from it upon it being used and being placed in a revolving drum.

"Drawing Night - The Master of Cermonies will pick judges from volunteers in the audience as well as a child who does the actual drawing. The numbered tab drawn from the drum by the child is compared to the numerical control card which the judges have in possession and the name appearing on that card is declared the winner.

"It is usual for the store to award small presents to the judges and the child as a thank you for their services though this is not an actual part of the promotion.

"If a winner on any given night does not appear to collect his prize, that amount of money becomes a part of a larger prize to be given away the following week.

"At the end of the term of the promotion any money not distributed on prior nights will be drawn for until a winner does appear -- so that the total sum agreed upon at the start of the plan is disbursed to the registrants.

"During the conversation by the Master of Cermonies proceeding every drawing it is clearly explained to his listeners that at no time is it necessary to buy anything in the store in order to participate in this give away promotion plan."

While no Texas Statute attempts to define a lottery, and Legislatures of other jurisdictions generally make no attempt to define a Lottery, the text material and case law of the overwhelming majority, including our own jurisdiction, are uniform in setting forth the necessary elements of a lottery, namely: (1) A prize or prizes, (2) the award or distribution of

the prize or prizes by chance and, (3) the payment either directly or in-directly by the participants of a consideration for the right or privilege of participating. Cole vs. State, 133 Tex. Crim. 548, 112 S.W.2d 725 (1938); City of Wink vs. Griffith Amusement Co., 129 Tex. 40, 100 S.W.2d 695 (1936); Smith vs. State, 136 Tex. Crim. 611, 127 S.W.2d 297 (1939); Brice vs. State, 242 S.W.2d 433 (Tex. Crim. 1951); F.C.C. vs. American Broadcasting Co., 347 US 284, (1954); 34 Am. Jur. 647 Lotteries, Sec. 3.

There can be no doubt that the first two elements, "prize" and "chance", exist in the procedure for the operation submitted, therefore, your inquiry pertains to whether or not the third element, "consideration", is present. In reaching a conclusion, there are at least two possible ap-proaches:

(a) The consideration required to be paid may be any consideration that would support a simple contract, or

(b) The consideration required to be paid must be a valuable consideration.

While the cases cited above do not describe the necessary consider-ation, they do seem to negative the possibility that any consideration which would support a simple contract is sufficient to supply this third and final element. On the contrary, the leading case in Texas of Brice vs. State, supra, stands for the proposition that the requisite consideration must be valuable, citing with approval, Griffith Amusement Co. vs. Morgan, 95 S.W.2d 884 (Civ. App. 1936). In the Brice case the defendant was charged by complaint and information with violation of Article 654 P.C., the alleged violation being the merchant's invitation to the general public to come into his store and register for a prize to be given away. Anyone could register once each day for a three day period and thus become eligible for the drawing by going to the store and writing his name, address, and telephone number on a registration card. One could not be a prize winner without so registering at the store; no registrant was required to buy anything or be at the store at the time of the drawing. Conceding that the elements of prize and chance were shown by the facts above the court held:

"Under the authorities mentioned, we must conclude that in the absence of any character of favoritism shown to customers, the lottery statute, Art. 654, P.C., is not violated under a plan whereby a merchant awards a prize or prizes by chance to a registrant without re-quiring any registrant to be a customer or to purchase merchandise or to do other than to register without charge at the store, though the donor may receive a benefit from the drawing in the way of advertising."

The Austin Court of Civil Appeals in the case of Griffith Amusement Co., vs. Morgan, supra, held:

"As above stated it is essential to a lottery that something of value must be paid for the chance to win the prize. The element of venture, the chance to lose or win something of value is essential...

"The fact that the holder of the drawing expects thereby to receive, or in fact does receive, some benefit in the way of patronage or otherwise, as a result of the drawing, does not supply the element of consideration paid by the chance holder for the chance."

Assuming the facts as outlined above in the procedures for operation of Goodwill Award Promotion it seems clear that this promotion is identical to that involved in the Brice case, supra. No person is required to make a purchase at a participating store to become eligible for an award; any person may conveniently register and become eligible for an award; the transcribing procedure outlined above makes it evident that all registrants have an equal chance on drawing night, no advantages being afforded customers of a participating store who may actually make purchases at the store in addition to registering.

It is our opinion, from the facts as outlined by you, that the necessary element of consideration is absent, and further, the Goodwill Award Promotion does not constitute a lottery.

It is noted that the Supreme Judicial Court of Maine in the case of State of Maine vs. Bussiere, 154 A.2d 702, (1959) had before it an identical promotion, namely, "Goodwill Cash Night". The Maine Court held:

"In order to constitute a crime under the statute in question, three elements must be present, viz: (1) prize, (2) chance, and (3) a consideration having a pecuniary value paid directly or indirectly by some participant. Under the facts in this case the third element is not present, and the defendant cannot be found guilty of the crime charged."

## S U M M A R Y

The Goodwill Award Promotion does not constitute a lottery, under the submitted facts, because of the absence of a valuable consideration.

Very truly yours,

WILL WILSON
Attorney General of Texas

By  Maston C. Courtney
    Assistant Attorney General

MCC:br

APPROVED:

OPINION COMMITTEE
W. V. Geppert, Chairman

Jerry Roberts
Dudley McCalla
John Phillips

REVIEWED FOR THE ATTORNEY GENERAL

BY:  Morgan Nesbitt